HOUGHTON v. STATE MUTUAL LIFE ASSURANCE CO.

INSURANCE AGENTS—CONTRACT OF PARTNERSHIP—ACCOUNTING—
PARTIES.

An insurance company which has approved of an arrangement whereby its general agent took a copartner, who was to have an interest in the renewal commissions on business secured by the firm, is a proper party to a bill filed by the incoming partner for an accounting as to such commissions, his relations with the company having been dissolved by its direction.

Appeal from Wayne; Frazer, J. Submitted June 18, 1896. Decided July 21, 1896.

Bill by Spencer L. Houghton against the State Mutual Life Assurance Company and Alonzo E. Bradley for a partnership accounting. The defendant company appeals from an order overruling its demurrer to the bill. Affirmed.

*Fraser & Gates*, for complainant.

*George W. Radford*, for appellant.

LONG, C. J. This is an appeal from an order of the court below overruling the demurrer of the State Mutual Life Assurance Company, one of the defendants, to complainant's bill. The allegations of the bill pertinent to the questions raised by the demurrer are as follows:

1. That the defendant Bradley was general agent for the State of Michigan of the defendant insurance company; that Bradley proposed that complainant and himself should enter into a copartnership, and that complainant should receive one-half of all renewal commissions on all business secured through said agency during the continuance of said copartnership.

2. That on December 9, 1890, Bradley wrote a letter to the State Mutual Life Assurance Company, addressed to J. D. E. Jones, superintendent of agencies, the portion applicable to the questions raised herein being as follows:

"Prof. S. L. Houghton commenced work for me July 7th, and has secured about $100,000 new business, settled for, and he desires a new contract, January 1, 1891, whereby he will have some future interest, and more inducement in working up subagents, etc.; and, believing it would be for the mutual benefit of all concerned, I have made arrangements with him to give him one-half interest in the renewals on all business secured after January 1, 1891, as long as he remains with the company, under the firm name of 'Bradley & Houghton, General Agents,'—to use present stationery and supplies in my name until gone, but all new printing required to have his name added. I gave him my personal guaranty contract last July. He will not expect any guaranty from the company. He desires your approval of above arrangement, so there will be no misunderstanding in the future; or, in other words, should I die in eight or ten years, he would still own half of the renewals from January 1, 1891. * * * If the company approve of our plans, we will endeavor to bring this agency up where it should be, although we are not writing up the year as well as expected,—result of tieup of money, etc.
"A. E. BRADLEY."

3. That to this letter the following reply was received:

"MR. A. E. BRADLEY, General Agent.

"*Dear Sir:* Your favor of the 9th inst., announcing your partnership with Mr. S. L. Houghton by mutual agreement between yourself and him, is at hand. We note that on and after January 1, 1891, you have agreed to give him one-half interest in all the renewals on all business secured after said date, as long as he continues with the company; the firm name to be 'Bradley & Houghton, General Agents.' The committee on agencies have no objections to the arrangement. It imposes no new burden upon the company. We will print the name of the firm on the new supplies.
"J. D. E. JONES,
"Superintendent of Agencies."

4. That, subsequent to the above correspondence, Houghton and Bradley entered into the following written contract:

"DETROIT, MICH., January 1, 1891.

"In consideration of three hundred and fifty dollars ($350.00), the receipt whereof is hereby acknowledged, I, A. E. Bradley, do hereby release Spencer L. Houghton from contract made July 7, 1890, from this date, and, in place of said contract, I agree to give him one-half of the renewal commission on all new business secured and placed on the books of this agency from and after January 1, 1891, as long as he remains with this agency; also, the full first year's commission on all business secured by him. The said Spencer L. Houghton agrees to give all his time and best endeavors in securing new business, and also agrees to pay one-half of the incidental expenses not paid by the company. It is further agreed that neither party shall sell out his renewal interest without the written consent of the other party; also, in case of death or permanent disability of either party, the renewal interest shall continue for two years from date of death or permanent disability.

"A. E. BRADLEY.
"S. L. HOUGHTON."

5. That it is the custom of the business of life insurance that general agents have a permanent interest in the business, in the form of a percentage of the renewal premiums, and that the aforesaid letters and contract were written and entered into with reference to said custom.

6. That on June 15, 1895, Bradley showed complainant a letter from the insurance company, directing Bradley to dissolve complainant's "relations with said company;" that thereafter Bradley gave notice of dissolution of the partnership, and excluded complainant from further participation in the business.

7. That complainant's interest in the renewal commissions is worth $1,250 per year, and, at the time of the filing of the bill, Bradley, as agent of the company, had $60 which he ought to pay complainant, and that on

June 24, 1895, Bradley notified the policy holders that complainant was no longer connected with the agency.

8. That defendants pretend that, because of complainant's inefficiency, they put an end to the agency.

9. That, by reason of the misconduct of Bradley, complainant is entitled to the return of the $350 paid to Bradley when the contract was made, and that the same is a lien upon said renewal commissions.

The prayer of the bill is (*a*) that the defendants, Bradley and the State Mutual Life Assurance Company, be required to discover the names of each and every life insured, respectively, in each and every of the policies of insurance procured during the existence of the contract; (*b*) that said copartnership may be decreed to have been dissolved by and through the aforesaid misconduct of said defendants; (*c*) that the said defendants, and each of them, may be required to discover and set forth a full statement of all renewal commissions which have been received by them; (*d*) that a receiver may be appointed of all said renewal commissions, and that the defendants may be directed to assign the same to said receiver; (*e*) that complainant may have satisfaction of the sums due to him out of said renewal commissions from time to time, and of the said sum of $350 so paid to said Bradley, together with the costs of suit.

To this bill defendant Bradley filed an answer. The State-Mutual Life Assurance Company filed a separate demurrer to the bill, and now appeals from the order of the court below overruling it. We think the court below was not in error in overruling this demurrer. The facts set up in the bill are admitted, and upon those facts, most certainly, the complainant is entitled to an accounting with defendant Bradley, as a partner. It is contended, however, that the insurance company is not a proper party defendant. The company is directly interested in the controversy, and, if the complainant's contention be sustained on the hearing upon pleadings and proof, the complainant would have the right to a decree against it

for his interest in renewal commissions. The company had notice of the arrangement between complainant and Bradley, and approved the arrangement, knowing that complainant was to have an interest in the renewals so long as he continued with the company. The company, knowing these facts, directed defendant Bradley to dissolve the relations of the complainant with the company.

The order of the court below, overruling the demurrer, must be affirmed. Defendant insurance company will have 20 days to answer the bill. Complainant will recover his costs of this court against the defendant insurance company.

The other Justices concurred.